### CHARLES W. HUBBARD & another *vs.* JOHN BROWN.

A mechanic's lien is not defeated by his including in his statement, as a part of his claim for labor and materials "in building and erecting a house," items of charge for labor and materials in building a fence and other structures which were included in the same bar-gain, provided he honestly supposed he had a lien therefor, and a right to claim it in that manner.

If, after a contract for building a house and structures connected therewith has been sub-stantially performed, and a bill rendered for the work done under the same, further work is done, which the proper performance of the contract calls for, and not for the purpose of fixing a later date from which to compute the time allowed by statute for filing a statement to enforce a mechanic's lien, the time of performing such further labor may be taken as such date.

PETITION to enforce a mechanic's lien on a house and land in Springfield. The statement of the petitioners, which was filed in the city clerk's office on the 22d of July 1863, set forth that they had " performed and furnished labor, and furnished and actually used materials in building and erecting (in part) a house on land owned " by the respondent, " and that there was

justly due for said labor and materials the sum of $1326.05, according to an account thereto annexed; and that they ceased laboring on and furnishing materials for said house on the 26th of the previous June. The account contained a great many items, the last of which were for work and materials, amounting to $3.43, on the 26th of said June; the last previous items being dated June 20th.

At the trial in the superior court, before *Vose,* J., it appeared that in February 1863 the petitioners agreed with the defendant to alter and enlarge his house, and to build the fences about it, they furnishing men at a stipulated price per. day; that the items in the account prior to June 26th included charges for the fences; that the charges on the 26th of June were for steps set in the garden, and steps put up at the back door of the house, on the day before, in the absence of the defendant; and that on the 15th of July one of their men put some stops on the small windows over two doors. The petitioners testified that the job would not have been left in a proper or workmanlike manner, or have been properly completed, if the stops had not been put over the windows; that, when they filed their statement, they supposed that they had a lien for the work done and materials furnished for the fences, and that "they had a right to claim such lien upon the property as they did," and did not intend to claim more than was due to them upon their lien.

The defendant testified that he moved into the house on the 1st of June, and knew of no work done there after the 9th of June; that shortly after that date he called on the petitioners for their bill, which they rendered to him on the 20th of that month. The bill was put in evidence, and identified.

The respondent contended that upon the undisputed facts the lien was defeated, because the petitioners had knowingly and wilfully included in their claim of lien upon the house items of charge for the fences; that, there being no evidence to show what portion of the charges of June 26th was for the steps in the garden, no lien upon the house can be enforced therefor, and the labor done and materials furnished therefor will not entitle the petitioners to compute from then the time for filing their

statement; and that the charge of July 15th would not prevent the thirty days from running from the rendition of the bill on June 20th.

The judge declined so to rule, and instructed the jury that if the petitioners believed, when they filed their statement, that they had a right to claim a lien on the premises for the fences, and that their lien covered all the work done on the premises, and did not intend to claim more than was due to them under their lien, and in good faith filed their statement in this belief, the statement was sufficient to enable them to maintain their proceedings to enforce the lien, although it erroneously included a claim for fences and steps to which their lien did not extend; that the burden of proof was on the petitioners to show when they ceased to labor or furnish materials; that if after June 20th they in good faith, in the honest execution of their contract, performed any labor or furnished any materials which the proper and substantial performance of their contract called for, the date thereof would be the time when they ceased to labor or furnish materials; but if the contract had been substantially performed on the 20th of June, and the petitioners thereafter performed some trifling amount of labor or furnished some materials not necessary to the complete performance of their agreement, for the purpose merely of fixing some date, in reference to filing their statement, the date thereof would not be the time when they ceased to labor or furnish materials, within the meaning of the statute.

It was agreed, before the trial, that the jury should only pass upon the right of the petitioners to maintain their petition, and that, if their verdict should be for the petitioners, the amount due should be fixed by an assessor.

The jury returned a verdict for the petitioners, and the re spondent alleged exceptions.

*J. Wells*, for the respondent.

*G. M. Stearns*, for the petitioners.

GRAY, J. If this case required us to decide whether a builder had by statute a lien upon a dwelling-house for work on and materials of fences around the lot on which the house stood, we

might hesitate to sustain the verdict. *Donaldson* v. *Wood,* 22 Wend. 400. *McDermott* v. *Palmer,* 4 Selden, 383. *Barclay's Appeal,* 13 Penn. State R. 497. *Gaule* v. *Bilyeau,* 25 Penn. State R. 522, 523. *Truesdell* v. *Gay,* 13 Gray, 311. *Rathbun* v. *Hayford,* 5 Allen, 406. But that question does not here arise.

1. The first question presented by these exceptions is, whether the petitioners' lien was defeated by their statement that all the work was done on the house, when a part of it was in fact upon the fences.

The *St.* of 1851, *c.* 343, § 2, required the certificate filed by the claimant in the registry of deeds to contain " a just and true account of the demand justly due to him, after all just credits given." Under that statute, including in the certificate a lien on a fence, which was inadmissible by law, would doubtless have defeated the lien. *Lynch* v. *Cronan,* 6 Gray, 531. *Truesdell* v. *Gay,* 13 Gray, 311. But that statute was found so inconvenient and unjust in its operation, that it was amended by providing that " no inaccuracy " in the statement filed in the office of the city or town clerk, " relating to the property to be covered by the lien, if the property can be reasonably recognized, or in stating the amount due for labor " (to which the General Statutes have added " or materials "), " shall invalidate the proceedings, unless it shall appear that the person filing the certificate has wilfully and knowingly claimed more than is his due." *St.* 1855, *c.* 431, § 3. Gen. Sts. *c.* 150, § 6. A petitioner " wilfully and knowingly claims more than is his due," only when he claims something which he knows not to be due ; not when he claims what he honestly, though mistakenly, believes to be due to him. Any other construction would make this beneficial amendment of no effect. *Parker* v. *Bell,* 7 Gray, 433. *Whitford* v. *Newell,* 2 Allen, 426.

In *Lewin* v. *Whittenton Mills,* 13 Gray, 100, the petitioners in their statement claimed a lien for the whole sum to be paid under a contract, which the same statement showed had been only partly performed, and thus manifested that they knew that their whole claim was not due. But we cannot think it impossible or unreasonable that a house carpenter should honestly

believe that a fence around a house was so far a part of it as to be included in his lien on the house itself; although the law might limit his lien more strictly.

2. The work and materials furnished on the 20th of June, in attaching to the house steps leading from it to the garden, if necessary to the substantial and proper performance of the building contract, and added in good faith, were included under the contract. The work on these steps was done within thirty days before the filing of this petition, as required by the Gen. Sts. *c.* 150, § 5. The omission, in the petitioners' account, of the date of July 15th opposite the charge for putting up the window stops, if accidental, would not defeat their claim.

The questions of the petitioners' good faith in including the fences in their certificate, and in doing the work on the garden steps and the window, were submitted to the jury under well guarded instructions, sufficiently favorable to the respondent.

*Exceptions overruled.*